## BORLAND v. O'NEAL.

An execution debtor who has more horses than the number exempt by law may elect which he claims as exempt, but such election must be made and the officer notified thereof either at the time of the levy or within a reasonable time thereafter or the right to elect will be deemed waived.

Where two of several horses owned by an execution debtor were levied upon and no notice of claim of exemption was given to the officer until the day of sale, which was four months after the levy: *held*, that the right of election had been lost by the unreasonable delay in exercising it, and that the officer was justified in selling the property.

In determining whether notice of claim of exemption of property levied upon was given by the debtor within a reasonable time, the fact that the plaintiff had at the time of the levy other property of a similar character out of which the debt might have been made is proper matter of proof.

The exemption of property from sale on execution is a personal right which the debtor may waive or claim at his election.

Appeal from the Fifth Judicial District.

Borland *v.* O'Neal.

The facts are stated in the opinion.

*W. R. Cantwell,* for Appellant.

I.   The horses in question were exempt from forced sale.   The statute entitled the plaintiff to two horses, without any limitation as to their character or value.   This proposition is not affected by the fact that the horses were stallions or racers.   (Prac. Act, Sec. 219; *Springer* v. *Harris,* 22 Penn., 10 Harris, 191; *Allman* v. *Gann,* 29 Ala. 240.)

II.   The appellant had a right to make his selection of such two horses at any time before their actual sale under the execution, and such selection was rightly made by parol request of the Sheriff.   A mere demand of the benefit of exemption law is sufficient.   (*Bowman* v. *Smilley,* 31 Penn. State, 225.)   And exemption laws are to be liberally construed.   (*Gillman* v. *Williams,* 7 Wis. 329.)   In fact it was not necessary for the appellant to have made any designation of the property specifically exempted. It was for the Sheriff to know the statute and obey it at his peril. (Id.)   In Wisconsin it is even held that no agreement to forego the benefit of the exemption law can be valid; and this, though the execution does not in terms except property exempt by law.   The officer is bound to know the law and obey it.   (*Maxwell* v. *Reed,* 7 Wis. 582.)

III.   The Court below erred in permitting the respondent to prove that the appellant at the time of the levy was the owner of other horses.   His ownership of other horses did not affect his right to claim the exemption of the two involved in this suit.   The instructions given and refused raise the same question and are in like manner objectionable.

IV.   The appellant adopted the appropriate remedy.   One whose property is exempted from seizure on execution, which property has been taken in satisfaction of the judgment against him, may maintain replevin for the specific goods.   (*Mallory* v. *Norton,* 21 Barb., N. Y., 424.)

*H. O. Beatty,* for Respondent, cited *Robinson* v. *Meyers* (3 Dana, 441) and *McGee* v. *Anderson* (1 B. Monroe, 187).

Borland *v.* O'Neal.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring, and NORTON, J. concurring specially.

This is an action to recover the possession of two horses levied upon by the defendant, as the Sheriff of San Joaquin County, by virtue of an attachment against the plaintiff, who claims them as exempt from levy and sale. The defendant recovered judgment, from which the plaintiff appeals.

The record shows that on the ninth day of March, 1861, the defendant, as Sheriff, levied upon the horses in question, which are described as stallions and race horses, under and by virtue of an attachment against the plaintiff; that at the time the plaintiff resided in El Dorado County, where he had several work horses, which he sold and disposed of after the levy and before the commencement of this suit; that the plaintiff carried on the business of a butcher and farmer, raising and selling horses and cattle; that he had several horses, besides those in controversy, which he used in his farming business; that a judgment was rendered in the suit in which the attachment issued, on which an execution issued, and on the day of the sale of the property, which was about four months after the levy, the plaintiff appeared, and for the first time claimed them as exempt from execution, and demanded possession, which was refused, and the Sheriff sold the property under the writ.

The plaintiff was entitled to hold two horses exempt from execution, under the third clause of section two hundred and nineteen of the Practice Act. When the debtor has more horses than the number exempt by law, he has the right to elect which he claims as exempt, and such election must be made at the time of the levy, or within a reasonable time after notice of the levy, by giving the officer notice of such election. The officer is under no obligation to hunt up the debtor in advance of the levy, in order to procure a selection by him. (*Seaman* v. *Luce*, 23 Barb., S. C., 240; *Lockwood* v. *Younglove*, 27 Id. 506.) The debtor waives his right by failing to claim it; and a claim under one execution, when no sale was made under it, is not sufficient when the property was levied upon and sold under a subsequent execution. (*Dodson's Appeal*, 25 Penn. State, 232.) The exemption of property from sale on

Borland *v.* O'Neal.

execution is a personal right which the debtor may waive or claim at his election. (*State* v. *Meloque,* 9 Indiana, 196.) Where the debtor has several horses, and one is exempt from execution, he may elect which shall be exempt; but if he has some not in the jurisdiction of the officer, and so beyond the reach of the execution, and there is only one within the reach of the execution, he cannot defeat the creditor's levy on that one by electing to keep it. Such a course would be using the statute, which was intended for beneficent purposes, as a means of evasion and fraud. (*Robinson* v. *Meyers,* 3 Dana, 441.) And where the officer levied on one horse, leaving another in the possession of the debtor as exempt, and the latter on the day of sale claimed the horse levied on as exempt: *held,* that his proceeding to sell under the execution was not wrongful, unless the debtor should tender him for sale, in lieu of the article levied on, such other articles as he might in the first instance have seized for the satisfaction of the debt, or so much as was certainly and palpably sufficient to discharge the debt, or was at least equal in vendible value to the article claimed to be exempt. (*McGee* v. *Anderson,* 1 B. Munroe, 187.)

In the present case the appellant contends that the Court below erred in permitting the defendant to prove that, at the time of the levy, the plaintiff had other horses in El Dorado County which he could have claimed as exempt from levy and sale. The action of the Court in this respect was clearly correct. It was the duty of the plaintiff, within a reasonable time after notice of the levy, to assert his claim to have these particular horses exempt; and the delay in this case greatly exceeded a reasonable time, especially as he showed no excuse for the delay, or any good reason why it was not made before. The notice should be promptly given, in order that the officer may levy on other property, in the place of that selected, to secure the debt, if there is any. What will constitute a reasonable time will, therefore, depend upon the particular circumstances of each case. There may be cases where a notice of the selection given at any time before the sale would be sufficient, as where it appears that no injury has been caused by the delay. The fact that the plaintiff had plenty of other horses to answer the exemption, and the fact of the long delay in asserting

the claim, were certainly strong if not conclusive evidence of a waiver of the right to select these particular horses as exempt.

The plaintiff asked the Court to give the following instruction, which was refused: " Such selection can be made at any time before sale by the Sheriff. But the Sheriff is liable only from the time he is notified of such selection and refuses to give up the property on demand." The Court gave the following instruction at the request of the defendant, to which the plaintiff excepted: " If at the time of the levy of the attachment plaintiff had other horses which he had usually used as farm or work horses, that he gave no notice that he claimed these horses for four months afterwards and until he had sold or disposed of such other horses, he cannot recover in this action, and they must find for the defendant." The appellant assigns the giving and refusing of these instructions as error. We see no just reason for disturbing the verdict on this ground. The instruction asked for by the plaintiff is not in accordance with the rules of law upon this subject, as has been already shown, and the instruction given is substantially correct.

Judgment affirmed.

NORTON, J.—It appearing that at the time of the levy the debtor had several other horses which he used in his farming business, the Sheriff was authorized to seize the horses in controversy. If the debtor had the right to select which he would retain, then within the authorities which concede to him such right he waived it by not making the selection at the time of the levy or within a reasonable time thereafter.

I agree in the conclusion of Justice Crocker that the judgment should be affirmed.