## GAVITT *v.* DOUB.

It is not error for a Court to allow pleadings to be amended so as to supply a defect or omission even after the commencement of a trial.

Courts should exercise great liberality in allowing Sheriffs to amend their returns so as to make them conform to the true state of facts and to correct errors and mistakes.

The case of *Borland* v. *O'Neal* (22 Cal.) affirmed.

APPEAL from the Seventh Judicial District, Marin County.

The complaint alleges that about the twenty-sixth day of August, 1858, defendant with force and arms entered upon plaintiff's premises and forcibly took from plaintiff's possession, and drove and carried away, and converted to his own use, a yoke of oxen and two cows, the property of plaintiff.

The action was commenced February 19th, 1859. Defendant answered March 3d, 1859, setting up that he made the seizure as Sheriff by virtue of an attachment issued against the property of plaintiff March 6th, 1858, and sold the property on the twenty-sixth of August, 1858, by virtue of an execution dated August 16th, 1858, issued on a judgment recovered against plaintiff in the same action.

March 7th, 1860, the cause came on for trial and a jury was impanneled. After plaintiff had introduced part of his testimony defendant asked and obtained leave of the Court to amend his answer so as to set up a levy on the property by virtue of the execution made August 17th, 1858. On the sixth day of August, 1860, the day before the trial, the defendant asked and obtained leave of the Court to amend his return on the execution made in 1858 so as to include the property sued for.

Defendant had judgment and plaintiff appealed.

*H. J. Wells*, for Appellant.

Although it is a matter of discretion in the Court to allow amendments yet there must be reasonable grounds upon which to base the discretion. Here no showing is made, no reason shown why an amendment is made necessary at the time.

The object of introducing the Sheriff's amended return was to include a yoke of oxen and two cows (which plaintiff had claimed as exempt from execution as a farmer), which were not specified in first return, and which had been sold by the defendant.

Plaintiff claims that defendant could not make testimony for himself in that manner, and that the Court erred in allowing him to do so. The return of the Sheriff is evidence for him, created by himself, yet a complete defense to the action. It is relied on as such

here.   The return of an officer is conclusive evidence in his favor. (*Lias* v. *Badger*, 6 N. H. 393.)

This conclusiveness of the officer's return must arise in part at least from his character as such officer, and the presumption is that when he makes his return he is acting indifferently and without any anticipation of a suit.   But to hold that after suit is brought and on the very day of the trial, and a year and a half after his return had been made and filed, and he had conducted his defense for so long a time on the theory of his first return, he may make a return and give it in evidence to constitute his defense, would be to set at naught almost all the principles upon which the rule is based which makes a Sheriff's return evidence for himself.

*T. H. Hanson,* for Respondent.

No brief on file.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action against the defendant, Sheriff of Marin County, to recover damages for the sale of certain personal property on an execution against the plaintiff, and claimed by him as exempt from levy and sale.   The defendant recovered judgment, from which, and from an order refusing a new trial, the plaintiff appeals.

The Court below permitted the defendant to amend his answer by adding an averment of the levy upon the property, and this is assigned as error.   The amendment was properly allowed, and this point is therefore overruled.

On the trial the defendant offered in evidence an amendment to his return upon the execution, which had been made in pursuance of an order of the Court, on that day or the day before, to which the plaintiff objected.   The material part of the amendment to the return was that which included in the levy and notice of sale a yoke of oxen and two cows, which the plaintiff claims were exempt from execution.   It is not contended that this property was not in fact levied upon and sold under the execution, or that the return as amended is not in strict accordance with the facts; nor does it

Gavitt *v.* Doub.

appear that the plaintiff was injured in any way by allowing the amendment to be made.   Courts exercise great liberality in allowing officers to amend their returns so as to make them conform to the true facts, and to correct errors and mistakes ; and if in thus amending the officer makes a false return, he is liable therefor, and such amendments are often allowed after a great lapse of time. (*Thatcher* v. *Miller*, 11 Mass. 413 ; *Adams* v. *Robinson*, 1 Pick. 461 ; *Haven* v. *Snow*, 14 Id. 28 ; *Johnson* v. *Day*, 17 Id. 106 ; *Burk* v. *Hardy*, 6 Greenl. 162 ; *Gilman* v. *Stetson*, 4 Me. 124 ; *Williams* v. *Rogers*, 5 J. R. 163 ; *Malone* v. *Samuel*, 3 A. K. Marsh, 350 ; *Woodward* v. *Harbin*, 4 Ala. 534.)   In one of these cases a return was allowed to be amended after the lapse of twenty years, and in another after six years.

In *Maherin* v. *Brackett* (5 N. H. 9) an officer having an execution in a case where bail had been given, returned that he had given notice to the bail, but omitted to make a return of *non est inventus* as to the principal, and it was held that he might amend, and insert a return to that effect in order to charge the bail.   In *Smith* v. *Hudson* (1 Cowan, 430) the Sheriff had sold three parcels of land under an execution, but in the certificate of sale which he had made and filed, he omitted one of them by mistake, and the Court ordered him to amend by inserting therein the omitted tract. In *Smith* v. *Daniel's Executors* (3 Murphy, 128) the Sheriff had sold some property on execution, which in fact belonged to a third party, who had sued him and recovered the value, and the Court allowed him to amend his return by striking out the levy and sale of the property, and return the execution " no property found," and withdraw the sale money which he had paid into Court.   In the present case the Court properly allowed the amendment.

The plaintiff claimed to be a farmer, and that the property was exempt under the third clause of the two hundred and nineteenth section of the Practice Act.   The property was levied on by the attachment March 10th, 1858, and it was not sold until the twenty-sixth day of August—a lapse of more than five months.   The evidence shows that the plaintiff kept a sort of tavern or drinking saloon, and cultivated about twenty acres of land adjacent thereto in vegetables.   He also owned a sloop which he navigated, and one

question appears to have been, the kind of business or occupation he was engaged in, and under which he could properly claim exemption. No evidence appears to have been given of any selection, or notice to the Sheriff that he claimed the property as exempt at the time of the levy or at any time before the day of sale, nor is any reason or excuse given for the delay. The instructions of the Court upon this question of exemption do not appear in the statement, but the appellant assigns for error that the verdict is against the law and the evidence.

In the case of *Borland* v. *O'Neal* (22 Cal. 504), we have laid down the rules of law upon this subject. In that case we held that it was the duty of the debtor to make his selection and notify the Sheriff within a reasonable time after notice of the levy. Under the circumstances of this case, the jury might very properly have concluded that the plaintiff waived his right to claim the exemption by his delay, and the verdict and judgment ought not therefore to be disturbed on this ground. The presumption is that the Court gave the jury proper instructions as to the law governing the case.

The judgment is affirmed.