[No. 9234.    Department One.— November 19, 1885.]

JOHN BARTON, RESPONDENT, v. T. M. BROWN, APPELLANT.

EXECUTION — EXEMPTION — FRAUDULENT TRANSFER. — The right to claim the exemption of personal property from execution is waived by a failure of the debtor to exercise it; and the fact that he might have claimed it will not be sufficient as against his creditors to impart validity to a sale of the property without an actual and continued change of possession.

APPEAL from a judgment of the Superior Court of the county of Humboldt, and from an order refusing a new trial.

The defendant, as sheriff, justified under an execution on a judgment against James N. Barton. The remaining facts are stated in the opinion of the court.

*James Hanna, P. F. Hart,* and *E. W. Wilson,* for Appellant, cited *Hammersmith* v. *Avery,* 18 Nev. 225.

*W. H. Brumfield,* for Respondent.

ROSS, J.—The plaintiff sued for the conversion of certain personal property by the defendant, alleged to have been at the time, and since, the property of the plaintiff. Plaintiff claims to have purchased the property from James N. Barton, but the evidence shows that the pretended sale was not followed by an actual or continued change of possession. The court below, however, held, as matter of law, that the property in question was exempt from execution in the hands of the vendor, James N. Barton, and therefore, "the sale was valid between the parties and all creditors, whether followed by continued change of possession, or not." In this the court was in error. The right of exemption is a personal privilege, which, if not claimed, is waived by the debtor. Besides, a part of the property in question would not have been exempt under the statute in the hands of the debtor.

Judgment and order reversed and cause remanded for a new trial.

McKEE, J., and McKINSTRY, J., concurred.