[L. A. No. 335.   Department Two.—November 18, 1897.]

## C. S. WILLIAMS, Respondent, v. H. L. BORGWARDT, Jr., Appellant.

SALES—STATUTE OF FRAUDS—LACK OF DELIVERY AND CHANGE OF POSSESSION—TITLE OF VENDEE—TRANSFER—POSSESSION TAKEN BY BONA FIDE PURCHASER. A sale of personal property, though not followed by an immediate delivery and actual and continued change of possession, as required by section 3440 of the Civil Code, is not a nullity, but is good against all the world except the creditors of the vendor, and is good against them also except when attacked in legal proceedings for the collection of their debts; and the vendee, being the owner, can convey title thereto, and the purchaser would, in any event, acquire a title good against all the world except the creditors of the original vendor, and against them also if he was a purchaser in good faith, for

value, and without notice of their claims, and had finally acquired possession of the property prior to the seizure of it, under attachment by them.

ID.—SALE OF PERSONAL PROPERTY BY AGENT—POWER OF ATTORNEY NOT EXCLUSIVE OF OTHER AUTHORITY—EVIDENCE—FINDING.—Although a sale of personal property by an agent for the vendor may not be authorized by a written power of attorney given to the agent, it is not necessary that the authority to make the sale should be found in that instrument, nor could its provisions limit the power of the vendor to direct the sale in other modes; and the court may find that the authority of the agent existed in fact upon testimony to that effect.

ID.—CONSTRUCTION OF CODE—TRANSFER OF PROPERTY NOT IN POSSESSION OF VENDOR.—Section 3440 of the Civil Code, requiring an immediate delivery and actual and continued change of possession of property sold, has no application where the property is not in the possession nor under the control of the vendor at the time of the sale; and it is sufficient if the vendee subsequently obtains possession of the property, as against creditors of a prior owner of the property, who sold to such vendor without delivery of possession.

ID.—PURCHASE FOR VALUE—PRESUMPTION OF GOOD FAITH.—Where value is paid for the purchase of personal property, the purchase is presumed to be in good faith, and without notice of the rights of creditors of a prior owner, or of anything that could render the prior sale to his vendor fraudulent, in the absence of proof to the contrary.

ID.—SALE OF PROPERTY UNDER EXECUTION—PURCHASE BY VENDEE—ESTOPPEL. The purchase of personal property at execution sale by a *bona fide* purchaser from a vendor to whom no possession was delivered under sale from a prior owner, the execution having been issued upon a judgment rendered in an attachment suit brought by creditors of such prior owner, in which the property was attached while in possession of such *bona fide* purchaser, does not estop the purchaser from denying that the property was rightfully attached as the property of such prior owner.

ID.—REPLEVIN—DAMAGES—EFFECT OF RECOVERY OF PROPERTY BY PLAINTIFF—REVIEW UPON APPEAL.—Although the fact that the plaintiff had recovered the possession of the property by purchase at an execution sale, before the trial of an action brought to replevy the property from the sheriff, may change the rule of damages, yet where no such point is made upon appeal, and the evidence shows that the amount of damages rendered is about the same as it would have been if the correct rule of damages had been followed, a reversal of the judgment is not called for upon that ground.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. A. R. Conklin, Judge.

The facts are stated in the opinion of the court.

B. Brundage, for Appellant.

E. Rousseau, for Respondent.

TEMPLE, J.—This is an action of claim and delivery to recover certain sheep. The defendant, who was sheriff of Kern county, justified under a writ of attachment issued in a suit brought by John H. and Harry E. Wise against J. V. Caldwell. The sheep were attached as the property of Caldwell. Judgment was afterward entered in favor of the plaintiffs in the attachment suit, and the sheep were sold to satisfy the judgment.

The facts shown by the evidence in the statement on motion for a new trial are: J. V. Caldwell was formerly the owner and in possession of the sheep. Some time in 1894 he sold the sheep to his sister, Mrs. Griffith, but there was not an immediate or any delivery of possession of the property to Mrs. Griffith. The vendee left the property with the vendor, who cared for it after the sale as before. There was nothing to indicate a change of ownership or control. About a year afterward they were attached by Alexander & Weill for a debt due from Caldwell. Mrs. Griffith compromised the suit by giving up some of the sheep to Alexander & Weill in payment of their demand against Caldwell. Before the sheep were released by the sheriff, but after she had made the compromise with Alexander & Weill, she sold the residue to the plaintiff. There was not an immediate delivery of the sheep to plaintiff, nor could there have been, for the reason that the sheep were not in the possession nor under the control of Mrs. Griffith, and for the same reason section 3440 of the Civil Code does not apply to the transaction. Some two days afterward the attachment was released, and plaintiff then took possession and commenced driving them toward Bakersfield. On the way they were again attached at the suit of J. H. and H. E. Wise, and thereafter demand was made upon the sheriff by plaintiff for the property, which being refused plaintiff brought this action.

The defendant questions the sale to plaintiff as not authorized by the power of attorney. It was not necessary that the authority should be found in that instrument. The provision there

found did not and could not limit the power of Mrs. Griffith to direct the sales in other modes. Caldwell testified that he had such authority, and the court so found.

The sale to Mrs. Griffith was not a nullity. It was good against all the world except the creditors of Caldwell, and was good against them also, except when attacked in legal proceedings for the collection of their debts. They may cause the property to be appropriated to the payment of their debts only in the modes provided by law. (Bump on Fraudulent Conveyances, sec. 450.) Being the owner she could convey the same, and a purchaser from her would acquire, in any event, a good title against all the world except such creditors, and against them also if he was a purchaser in good faith for value and without notice. (*Paige v. O'Neal*, 12 Cal. 483.) That was a case similar to this and tho court said: "Though this sale was void, as against the creditors of Kelty and Reynolds, in being made to the knowledge of Mc-Cloud, to prevent Fisher from reaching the property on execution, or by attachment, it was good as between Kelty and Reynolds and McCloud; and a sale by the latter to the plaintiff, for a valuable consideration, without notice of the original fraud, passed a perfect title. The plaintiff could not be afflicted in his purchase, though the title of his vendor was acquired by fraud."

It was not shown that the plaintiffs in the attachment suit were creditors of Caldwell when the sale was made to Mrs. Griffith, nor—if that could have made any difference—that their debt was contracted while the property remained in the possession of Caldwell and apparently his, without knowledge on the part of Wise of the sale to Mrs. Griffith. Since the title of Mrs. Griffith was good, except as to a possible class of persons, it was incumbent upon the defendant to show the existence of such a class and that the attaching creditors belonged to that class.

It has been shown beyond controversy that plaintiff was a purchaser for a valuable consideration, and the presumption is that he was a purchaser in good faith, and there is no evidence which tends to the contrary. It does not appear that he knew of the indebtedness of Caldwell to the plaintiffs in the attachment suit before the writ of attachment was served. There is nothing to show that Caldwell owed other debts except the two which were paid by the sale to plaintiff, or before that time. It was not shown

that plaintiff knew, or had reason to suspect, that when Caldwell sold to Mrs. Griffith there had not been a sufficient delivery of the property to her, followed by a continued change of possession. Indeed, it is doubtful if it can be said that there was proof that Williams knew that Caldwell had ever owned the property, although that may be assumed from the fact that a part of the consideration for the sheep was a debt due him from Caldwell. There is, in short, no evidence tending to show that Williams was not a purchaser in good faith and without notice of anything which could render the sale fraudulent.

Before the trial of this action the attachment suit had gone to judgment, and an execution was issued under which the sheep were sold. At that sale the plaintiff was the purchaser of all the sheep, and in that mode obtained possession of all the property which he alleges was detained from him.

The only point made at the trial, or which is made here, in regard to this, is that defendant claims that thereby plaintiff is estopped from denying that the sheep were rightfully attached as the property of Caldwell. The court found, and I think correctly, that this did not constitute an estoppel. Perhaps the fact that the plaintiff had recovered the possession of his property ought to have changed the rule of damages. But as no such point is made, and as the evidence shows that had the rule of damages, which I deem the correct rule, been followed, the amount of the judgment would have been about the same as it is, a reversal is not called for.

The judgment and order are affirmed.

Henshaw, J., and McFarland, J., concurred.