## LILIENTHAL et al. v. BALLOU et al.

### L. A. No. 413; November 30, 1898.

#### 55 Pac. 251.

**Sale—Change of Possession.**—Civil Code, section 3440, providing that transfers of personal property by a person in possession or control thereof, unaccompanied by an actual and continued change of possession, shall be conclusively presumed to be fraudulent against the seller's creditors, does not apply to a transfer of property after the same is in possession of the sheriff under an attachment against the seller.

APPEAL from Superior Court, San Luis Obispo County.

Action by J. W. Lilienthal and others against S. D. Ballou and another. From a judgment for plaintiffs and from an order denying a new trial defendants appeal. Affirmed.

Wm. Shipsey for appellants; W. H. Spencer for respondents.

McFARLAND, J.—This action is to recover a certain stock of goods formerly owned by Phillips Bros. & Co. There was a trial by jury, and the verdict and judgment were for plaintiffs. Defendants appeal from the judgment and from an order denying a new trial.

The goods in question were attached at the suit of creditors of Phillips Bros. & Co., and were held by the sheriff under the attachment for several weeks. While the goods were thus in possession of the sheriff they were transferred by Phillips Bros. & Co. to the plaintiffs, who were trustees for all their creditors except the defendant Orman, who afterward attached the goods as the property of Phillips Bros. & Co., and Orman and Ballou, the sheriff who served Orman's attachment, are the defendants and appellants in this action.

A thorough examination of the record in this case shows that there is really only one question on this appeal to be determined, and that is whether the following instruction given by the court to the jury was correct or erroneous: "If you should find from the evidence that when the property in controversy was transferred to the plaintiffs by Phillips Bros. & Co. said property was not in possession of Phillips Bros. & Co., but was in the possession of the sheriff of this county, then it is not necessary for you to pass upon the question of whether or not there was an immediate delivery or actual or continued change of possession of the property. If, however, you should find that when said property was transferred it was in possession of Phillips Bros. & Co., then you must pass upon the question of immediate delivery and an actual and continued change of possession." If this instruction be held to be correct, then there are no other points, exceptions or specifications of error which need to be considered. We think that the instruction was correct. It is not absolutely perfect, because the words "or control" should have been used immediately after the word "possession," so as to make the clause read, "not in possession or control" of Phillips Bros.

& Co.; but, for the purpose of this case, the omission of the word "control" was immaterial. No point is made upon such omission. The theory of appellants on this point was, and is, that, notwithstanding the fact that the sheriff was in possession at the time of the transfer, still section 3440 of the Civil Code applied, and the transfer was invalid unless there was an immediate delivery and actual and continued change of possession of the goods, and they asked the court so to instruct. This theory would not have been affected by the word "control" in the instruction, nor is it pretended by appellants that the instruction would have been good if that word had been used. It is clear that section 3440 does not apply to the transfer involved in the case at bar. The part of that section necessary to be here construed is as follows: "Every transfer of personal property . . . . is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those," etc. We cannot insert words into the section, and as it stands it refers only to a transfer made by a person in possession or control of the property transferred; and in the case at bar the instruction in question assumes, and it is admitted, that at the time of the transfer from Phillips Bros. & Co. to respondents the property was not in the possession or control of the former, but was in the possession of the sheriff. We are not concerned with the suggestion that under this view certain creditors might gain preference over other creditors; such preference can be had, except where the law forbids it. Of course, actual fraud would vitiate a transfer, but there is no such question as that in this case. The provision of the statute with respect to actual and continued change of possession does not apply, under its express language, to a case where a party transferring the property is not in its possession. Williams v. Borgwardt, 119 Cal. 80, 51 Pac. 15, is a case directly in point; but, really, the language of the statute is too clear to leave any room for doubt on the subject. The judgment and order appealed from are affirmed.

We concur: Henshaw, J.; Temple, J.