[Civ. No. 1017.   Third Appellate District.—December 17, 1912.]

# HENRY C. MEYER, as Trustee, etc., Respondent, v. GEORGE W. PERKINS, Appellant.

BANKRUPTCY—TRANSFER OF NONEXEMPT PROPERTY TO DEFRAUD CRED-
ITORS—RECOVERY BY TRUSTEE.—Under section 70 of the Bankruptcy
Law, the trustee of the estate of a bankrupt is vested with the title
of the bankrupt as to all property not exempt from execution, and
may avoid such property transferred by him in fraud of his cred-
itors, which any creditor of said bankrupt might have avoided, and
may recover the property so transferred, or its value from the
person to whom it was transferred, unless he was a *bona fide* holder
for value prior to the date of adjudication.

ID.—PLEADING—SUFFICIENCY OF COMPLAINT BY TRUSTEE—FRAUDULENT
TRANSFER—WANT OF IMMEDIATE DELIVERY AND ACTUAL AND CON-
TINUED CHANGE OF POSSESSION.—A complaint by the trustee in bank-
ruptcy in an action to avoid a fraudulent transfer by the bankrupt
which alleges that the bankrupt was at all times insolvent, that
the pretended transfer was made to defraud his creditors, and that
there was no immediate delivery of the property transferred, and no
actual and continued change of possession thereof, and that the
effect of said transfer was to prevent the enforcement of the claims
of the creditors, states a sufficient case for the exercise of the trus-
tee's authority.

ID.—EVIDENCE — GROUND OF FRAUDULENT TRANSFER — QUESTION OF
CHANGE OF POSSESSION—EXEMPTION FROM EXECUTION—CONSTRUC-
TION OF CIVIL CODE.—Since under the evidence the only ground upon
which the transfer of the property involved could be held to be
fraudulent, is that under the terms of section 3440 of the Civil Code,
there was the want of an immediate delivery and an actual and con-
tinued change of possession, a conclusive presumption of fraud in the
transfer would be indulged on that ground, were it not that that
section also provides that it shall not apply to property that is
exempt from execution, it appearing that such exemption was in-
volved in the issues.

ID.—FINDINGS—FAILURE TO FIND UPON EXEMPTION PLEADED—IMPROPER
FINDING AS TO WAIVER OF EXEMPTION — PROPERTY SOLD BEFORE
BANKRUPTCY.—Where the court did not find upon the issues as to
the exemption of the property from execution pleaded in the answer,
its finding that the defendant "did not claim any part of said
described personal property so transferred to defendant as above set
forth to be exempt in his schedule of bankruptcy, or in said bank-
ruptcy proceedings, or at all," and "has waived any and all claim
or right to any exemption of said personal property that he might

otherwise have been entitled to assert or claim," is not tenable, since before the bankruptcy proceedings were begun, defendant had sold the property, and could not properly claim in his schedule property which he did not then own.

ID.—BURDEN UPON DEFENDANT TO PLEAD EXEMPTION — EXCEPTION TO GENERAL RULE—CASE DISTINGUISHED.—Since the plaintiff relied upon the general rule as to immediate delivery, and actual and continued change of possession, and the defendant relied upon an exception to the general rule on the question of exemption from execution, it was incumbent on the defendant to set forth in his answer the facts showing such exemption. *Barton* v. *Brown*, 68 Cal. 11, [8 Pac. 517] distinguished.

COSTS—RIGHT OF RECOVERY STATUTORY.—The right to recover costs is statutory, and in the absence of a statute no costs can be recovered by either party. It is held that there is no provision of statute, requiring the defendant to pay the expenses incurred by the plaintiff in filing a proper bond to take possession of the personal property in dispute, *pendente lite*.

ID.—OPINION OF SUPREME COURT ON ORDER DENYING REHEARING—EXPLANATION OF CASE OF BARTON v. BROWN — INAPPLICABILITY TO PRESENT CASE.—Upon an order of the supreme court denying a rehearing, it is held that, in further explanation of the case of *Barton* v. *Brown*, 68 Cal. 11, [8 Pac. 517], referred to in the opinion of the district court of appeal, that at the time that case was decided, section 3440 of the Civil Code did not contain the proviso declaring that its provisions should not apply to a transfer of property exempt from execution, which was first added by the amendment of 1903, [Stats. 1903, p. 111]. The decision is inapplicable to the present case, and is not in conflict therewith.

ID.—APPEAL FROM ORDER TAXING COSTS—REVIEW—AMOUNT IMMATERIAL. It is settled that the amount of money involved in an appeal from an order of the superior court taxing costs is not determinative of the jurisdiction of the appellate court to review the same, and such appeal cannot properly be dismissed, regardless of amount involved.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order taxing costs. J. A. Plummer, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

C. W. Miller, for Respondent.

BURNETT, J.—On the sixteenth day of October, 1911, one John A. De Voll was duly adjudged a bankrupt in the district court of the United States for the northern district of California, and, on the ninth day of November following, plaintiff herein was appointed trustee of the estate of said bankrupt, and he thereupon qualified and ever since has been such trustee. This action was brought by him in that capacity to recover certain personal property which he claims was attempted to be transferred by said John A. De Voll, on the eighteenth day of July, 1910, to defendant herein. The said transaction of July 18, 1910, in reference to said property, evidenced by a bill of sale, was asserted to be for the purpose of defrauding the creditors of said De Voll and "was not accompanied by an immediate delivery thereof or followed by an actual or continued change of possession thereof, and that the said personal property then and thereafter remained in the care, custody, control, possession, use, and enjoyment of the said John A. De Voll the same after the said pretended transfer as before."

One of the questions presented for consideration is whether plaintiff, as trustee, was authorized to prosecute the action. This seems to be set at rest by the provisions of the United States Bankruptcy Act. Section 70 thereof provides that "The trustee of the estate of a bankrupt, upon his appointment and qualification . . . shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt . . . 4. property transferred by him in fraud of his creditors." (Pierce's United States Code, p. 325, [30 Stats. at Large, 566, U. S. Comp. Stats. 1901, p. 3451, 1 Fed. Stats. Ann. p. 702]. In subdivision *e* of said section it is provided that "The trustee may avoid any transfer by the bankrupt of his property which any creditor of said bankrupt might have avoided and may recover the property so transferred or its value from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of adjudication." In this respect the trustee in bankruptcy under the United States Bankrupt Law holds a position analogous to that formerly held by the assignee in insolvency under the state law. Such assignee had the right to sue for and recover everything due to the estate for the

benefit of the creditors. Where a pretended transfer from the assignor was void as to creditors, the title passed to the assignee in insolvency for the benefit of the creditors and he was authorized to maintain an action on their behalf to reduce the property to possession. As between the creditors and the debtor who fraudulently conveyed property to defeat them, he was regarded as holding the title to or an interest in the property conveyed and it therefore passed to the assignee. (*Brown* v. *Bank of Napa,* 77 Cal. 544, [20 Pac. 71] ; *Ruggles* v. *Cannedy,* 127 Cal. 305, [46 L. R. A. 371, 53 Pac. 911, 59 Pac. 827].) The same principle holds now as to the trustee in bankruptcy. We think also that it may be said that sufficient facts are alleged in the complaint to disclose a case for the exercise of this authority of the said trustee. It appears that at all times said De Voll was insolvent, that the pretended transfer was made to defraud his creditors, that there was no immediate delivery or actual or continued change of possession and that the effect of the said transfer was to prevent the enforcement of the claims of the creditors.

Examining the evidence we find that the only ground upon which it could be held that the said transfer was fraudulent grows out of the condition contemplated by section 3440 of the Civil Code. There was, in other words, support for the finding that there was no immediate delivery and no actual or continued change of possession of the said property. The conclusive presumption as to fraud would be indulged, therefore, as demanded by said section, if it were not for the circumstance that it is therein provided that the provisions of said section ''shall not apply or extend to any sale, transfer or assignment . . . of any property exempt from execution.'' And that brings us to what we regard as the serious question in the case. It was alleged in the answer ''that the said John A. De Voll was, at the time of such sale and for a long time prior thereto had been, a farmer, and that all of said property so sold and delivered by him to defendant, and which plaintiff seeks to recover in this action, was then and there exempt from execution under section 690, subdivisions 2 and 3 of the Code of Civil Procedure.'' The court did not find that said property or any of it was not exempt from execution but as to the aforesaid allegation of the answer the court's conclusion was ''That the said John A. De Voll did

not claim any part of said described personal property so transferred to defendant as above set forth to be exempt in his schedule of bankruptcy, or in said bankruptcy proceedings or at all and that the said John A. De Voll has waived any and all claim or right to any exemption of said personal property that he might otherwise have been entitled to assert or claim.'' The only fact, it may be said, from which the court drew the conclusion that he waived the exemption is his failure to claim it in ''his schedule in bankruptcy.'' But, the evidence here showing that he had sold it, how could he claim in his schedule property as exempt from execution which did not belong to him  The law, of course, contemplates that when he files his petition in bankruptcy he shall furnish a schedule of the property which he owns at the time and shall claim exemption out of that property and not from property that belongs to someone else. The insolvent would have presented rather a curious spectacle if he had claimed this property, as exempt or otherwise, and upon examination had testified that more than a year before he had divested himself of all interest whatever in said property and that the other party still remained the owner of it. Manifestly, the law would not undertake to compel a person to claim property which he knowingly has no right to claim. Nor at the time of sale is he required to make any claim of exemption. The law does not exact of him any declaration or agreement with the vendee as to the character of the property. It provides that the presumption of fraud does not attach to the sale of ''any property exempt from execution.'' The question whether the property belongs to that category, if the issue arises, will be determined like any other question of fact, keeping in view and applying the provisions of section 690 of the Code of Civil Procedure which defines and classifies the property that is ''exempt from execution.'' Nor has any other occasion arisen when De Voll was called upon to make such claim. He was not made a party to the present action. The vendee alone was sued and he very properly, in his answer, alleged that the property was exempt from execution. Why did he do this? For the simple reason that plaintiff, invoking the general rule, based his cause of action upon the contention that there was no ''immediate delivery,'' etc. But defendant, relying upon an exception to the gen-

eral rule, it was incumbent upon him to set forth in his answer the facts which would bring him within the exception. Of course, this proviso in said section 3440 of the Civil Code in reference to exempt property applies to the vendee as well as to the vendor, and it may be asserted in behalf of the former as well as of the latter.

The trouble seems to have been born of a misapplication of *Barton* v. *Brown,* 68 Cal. 11, [8 Pac. 517]. There it is held that "The right to claim the exemption of personal property from execution is waived by a failure of the debtor to exercise it; and the fact that he might have claimed it will not be sufficient as against his creditors to impart validity to a sale of the property without an actual and continued change of possession." But in that case a judgment was obtained against the vendor and a writ of execution was issued and placed in the hands of the sheriff who levied it upon the property in the possession of the vendor and sold it to satisfy said judgment. Afterward the action was brought by the vendee against the sheriff for conversion. It was under these circumstances that the court held as aforesaid. The property being in the hands of the vendor when the writ was executed, it was certainly due the sheriff that he be notified that the property was exempt from execution and therefore within the exception to the general rule. Upon this point the expression in said opinion may not be altogether accurate, but the decision was just and also warranted by the other ground that a portion of the property was not exempt.

Another question of moment is argued by counsel, which is suggested by the appeal from an order taxing costs. It seems that, after the suit was brought, plaintiff took possession of the property as provided by section 510, et seq., of the Code of Civil Procedure. Certain expenses incurred by plaintiff in keeping and feeding the stock during the pending of the action were allowed as a part of the costs.

In *Williams* v. *Atchison etc. Ry. Co.,* 156 Cal. 140, [134 Am. St. Rep. 117, 19 Ann. Cas. 1260, 103 Pac. 885], it is said: "The right to recover costs is purely statutory, and, in the absence of a statute, no costs can be recovered by either party. (*Fox.* v. *Hale & Norcross S. M. Co.,* 122 Cal. 219, [54 Pac. 731].) Section 1023 of the Code of Civil Procedure is the

statute which gives the right of the recovery of costs. Section 1033 prescribes the procedure for their recovery, and defines what costs and disbursements are recoverable. That section declares, in effect, that one may recover disbursements *necessarily* incurred in the action. The right accorded to a party, upon filing a proper bond, to take into possession the personal property in dispute, is a privilege accorded him by law. It is not a necessity to his cause of action.'' It was therefore held in that case that the charge paid to a surety company for the replevin bond was not a proper item in the cost-bill. The same principle must apply to all the expenses incurred by plaintiff as a result of his exercise of this privilege and taking possession of the property *pendente lite.* No doubt, as suggested in the Williams case, the legislature could provide that such expenditures might be recoverable as costs, but it has not done so. The expenses incurred by the trustee for said purpose would probably be a matter of adjustment in the settlement of his account in the insolvency proceedings, but there seems to be no authority for making the defendant in this action liable for them.

The foregoing suggestions are made in view of future contingency, as the amount of the costs allowed being less than three hundred dollars, the action of the trial court in the matter is not reviewable upon appeal. (*Foley* v. *California Horse Shoe Co.,* 115 Cal. 196, [56 Am. St. Rep. 87, 47 Pac. 42].)

The judgment is reversed. The separate appeal from the order taxing costs is dismissed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 15, 1913, and the following opinion then rendered thereon:

THE COURT.—In further explanation of the decision in the case of *Barton* v. *Brown,* 68 Cal. 11, [8 Pac. 517], referred to in the opinion of the district court of appeal, we think it is proper to say that at the time that case arose and was determined, section 3440 of the Civil Code did not contain the *proviso* declaring that its provisions should not apply or

extend to a transfer of property exempt from execution. The *proviso* was first added to the section by the amendment of 1903. (Stats. 1903, p. 111.) The decision is therefore inapplicable to the present case and is not in conflict therewith.

On April 10, 1913, the district court of appeal rendered the following supplemental opinion in connection with the appeal from the order taxing costs:

THE COURT.—In the consideration of the appeal from the order taxing costs in the above-entitled cause, *ante,* p. 661, [130 Pac. 206], our attention was not called to the fact that *Foley* v. *California Horseshoe Co.,* 115 Cal. 196, [56 Am. St. Rep. 87, 47 Pac. 42], has been overruled by the supreme court.

It must be deemed settled now that the amount of money involved in an appeal from an order of the superior court taxing costs is not determinative of the jurisdiction of the appellate court. (*Southern Cal. Ry. Co.* v. *Superior Court,* 127 Cal. 417, [59 Pac. 789]; *Sierra Union etc. Co.* v. *Wolff,* 144 Cal. 432, [77 Pac. 1038].)

It was erroneous therefore to dismiss the said appeal, but, of course, the effect of the reversal of the judgment was to vacate the order allowing costs.