[Sac. No. 2389. Department One.—March 1, 1917.]

## GEORGE G. WILLIAMSON, Appellant, v. J. W. MONROE, Respondent.

SALE—PROPERTY EXEMPT FROM EXECUTION—WANT OF DELIVERY OR CHANGE IN POSSESSION.—Under the proviso contained in section 3440 of the Civil Code, a sale of personal property exempt from execution, although not accompanied by an immediate delivery to the vendee, or followed by an actual and continued change of possession, is valid as against creditors of the vendor.

ID.—ASSERTION OF CLAIM OF EXEMPTION.—The exemption of property from execution, under section 690 of the Code of Civil Procedure, is not therein declared to be conditional upon the assertion of a claim of exemption by the debtor. Its status as exempt property comes from its character and use, and not from any claim for exemption.

ID.—EXECUTION SALE OF EXEMPT PROPERTY—CONVERSION BY SHERIFF—CLAIM OF EXEMPTION BY VENDEE OF DEBTOR.—Where property exempt from execution was sold after the enactment of the proviso to section 3440 of the Civil Code, without an immediate delivery to

the vendee or change in the possession, and was subsequently seized and sold on execution at the instance of a creditor of the vendor, the vendee, in order to hold the sheriff liable for its conversion, was not required to make a specific claim upon the sheriff that the property was exempt from execution against the vendor.

ID.—SALE OF PROPERTY IN CHARGE OF KEEPER—IMMEDIATE DELIVERY NOT NECESSARY.—When there is an execution levy upon property and it is in charge of a keeper, a sale made by the debtor during the possession of the keeper is not a sale "made by a person having at the time the possession or control of the property," within the meaning of section 3440 of the Civil Code, and is valid without immediate delivery.

APPEAL from a judgment of the Superior Court of Yolo County. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

W. F. Williamson, Williamson & Dibblee, and A. M. Donovan, for Appellant.

Philip S. Driver, Arthur C. Huston, and Harry L. Huston, for Respondent.

SHAW, J.—This is an action upon the official bond of J. W. Monroe, sheriff of Yolo County, against said sheriff and his sureties, to recover damages for the alleged conversion by said sheriff of certain personal property, alleged to be of the value of three thousand dollars. The defendants in their answer denied that the plaintiff was the owner of the property alleged to have been converted, and denied that the same was of any greater value than $724.50. On the trial the defendants justified under an execution issued upon a judgment in favor of A. A. Merkley against George S. Holmes and J. Fonnesbeck, in virtue of which execution said sheriff had levied upon the property as the property of said Holmes and Fonnesbeck and had thereafter sold the same, after due notice, in the manner required by law. The court made its findings to the effect that the plaintiff was not the owner of the property aforesaid, that its value was only $724.50, and that the sale under said execution was lawfully and rightfully made. Thereupon judgment was given in favor of the defendants for their costs. From this judgment plaintiff appeals.

On the 14th of November, 1910, the property belonged to J. Fonnesbeck, and he on that day sold the same to the plaintiff for a valuable consideration and in good faith. It was then under attachment in another action against Fonnesbeck and Holmes, and was in charge of a keeper named Howe. It was situated on a farm in Yolo County of which said Fonnesbeck was in possession under a lease for farming purposes. The lease was originally made to Fonnesbeck and Holmes, but Holmes had transferred his interest to Fonnesbeck before this sale. On the day aforesaid Fonnesbeck and Williamson went together to the farm to consummate the sale. Fonnesbeck there formally turned the property over to Williamson and Williamson employed one Whitmarsh, who was living on the farm, to remain there and take charge of the property for him. A part of the agreement of sale was that Williamson was to release the attachment then levied on the property. He did so some days afterward. Whitmarsh remained on the farm and looked after the property for Williamson until the levy and sale complained of. Fonnesbeck resided on the farm, and he also remained there until a short time before the levy and sale. The execution under which the sheriff made the sale was levied on the property in February, 1911. The sheriff levied upon the theory that upon the sale from Fonnesbeck to Williamson there was no immediate delivery nor actual or continued change of possession from Fonnesbeck to Williamson, as required by section 3440 of the Civil Code, and that, consequently, the property still remained subject to execution against Fonnesbeck, notwithstanding said sale. The main controversy at the trial arose over the question whether there had been such delivery and change of possession.

A part of the property, claimed to be of the value of about one thousand dollars, consisted of the farming utensils, implements of husbandry, and other property used by Fonnesbeck upon the farm aforesaid in his farming operations, and was exempt from execution under subdivision 3 of section 690 of the Code of Civil Procedure. Section 3440 provides as follows: "Every transfer of personal property . . . is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his credi-

tors while he remains in possession . . . ; provided further, that the provisions of this section shall not apply or extend to . . . any sale, transfer or assignment of any property exempt from execution.'' The plaintiff contends that, under these provisions, the farming utensils and property used on the farm as above stated are not subject to the provisions of the section, that a sale thereof in good faith, although not accompanied by an immediate delivery to the vendee, or followed by an actual and continued change of possession, is not fraudulent or void, as there declared.

We can see no escape from this conclusion. The language of the proviso is clear. In the absence of the restrictions placed upon sales of personal property by the opening clause of the section, a valid sale thereof could be made which would pass the title without delivery. (Civ. Code, secs. 1140, 1141, 1721, 1739.) A bill of sale was duly executed by Fonnesbeck to Williamson on November 14th, and the title passed to Williamson thereby, unless these restrictions applied to prevent it. As the proviso declares that these restrictions do not apply to property exempt from execution against the vendor, it necessarily follows that Williamson's title was perfect to all the property of that class included in the sale, even if there was no immediate actual delivery or change of possession. The sheriff had no right to levy upon this property, even if Fonnesbeck had been openly in possession thereof, if it then belonged to Williamson.

At the time of the levy in 1911 and at the sale, Williamson made a claim to all the property in the manner provided in section 689 of the Code of Civil Procedure, but neither he nor Fonnesbeck ever made a specific claim that any of the property was exempt from execution against Fonnesbeck. Respondents contend that the property was not exempt from execution unless a claim to that effect was made and that, consequently, the proviso does not apply in this case. The statute, however (Code Civ. Proc., sec. 690), declares in positive terms that such property is exempt from execution. The exemption is not declared to be conditional upon the assertion of a claim of exemption by the debtor. Its status as exempt property comes from its character and use, and not from any claim for exemption. It is true that the right of exemption may be waived and that, when the officer actually makes a levy upon such property, if the debtor does not claim his right

within a reasonable time thereafter, the delay may be sufficient evidence of such waiver. (*Gavitt* v. *Doub*, 23 Cal. 78, 80.) But here, when the sale was made on November 14, 1910, the vendee assumed the burden of the attachment lien then existing and immediately discharged it. There was no occasion at that time to claim the exemption, and no person to whom such claim could be made. No other execution or attachment was outstanding. The sale then became complete, there was no waiver of the exemption, the title vested in Williamson, and the exempt property was not afterward subject to execution against Fonnesbeck.

The decision in *Barton* v. *Brown*, 68 Cal. 11, [8 Pac. 517], was made prior to the amendment adding the proviso to section 3440. It has no application to sales of exempt property made after that amendment. This was expressly held by this court in considering and denying the petition for rehearing in *Meyer* v. *Perkins*, 20 Cal. App. 661, [130 Pac. 206, 208]. In that case the district court of appeal decided, in effect, that a claim of exemption was not essential to the operation of the proviso. By denying a rehearing with the additional statement above mentioned this court, in effect, approved that decision.

The appellant further insists that the evidence, with respect to the property not exempt, was insufficient to prove that there was not an immediate delivery to Williamson, followed by an actual and continued change of possession. With respect to an immediate delivery this court has held that when there is an execution levy upon property and it is in charge of a keeper, a sale made by the debtor during such possession of the keeper is not a sale "made by a person having at the time the possession or control of the property," within the meaning of section 3440, and is valid without immediate delivery. (*Williams* v. *Borgwardt*, 119 Cal. 80, 82, [51 Pac. 15] ; *Curtner* v. *Lyndon*, 128 Cal. 35, [60 Pac. 462].)

There was a conflict in the evidence upon the question whether Whitmarsh or Fonnesbeck was in possession of the property from the time of the release of the first attachment in November, 1910, until the execution levy in February, 1911. There was also doubt whether the keeper, in charge at the time of the sale to Williamson, was in actual possession and control of the property at that time so as to bring the case within the rule of the decisions above cited. Under these circumstances,

and in view of the fact that the case must be reversed because of the failure to allow the plaintiff damages for the part of the property exempt from execution, as aforesaid, we do not deem it advisable to express any opinion concerning the sufficiency of the evidence with respect to the remaining items of property. The case is somewhat similar to *Cahoon* v. *Marshall*, 25 Cal. 197, 201. The question as presented by the record is one of fact for the trial court. Upon a new trial the doubts and uncertainties now existing in the evidence on one side or the other may be removed.

The judgment is reversed.

Sloss, J., and Lawlor, J., concurred.